# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALFONTAIN COKER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07 C 5988 |
| ) | |
| EDDIE JONES, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Alfontain Coker, who is incarcerated at Pontiac Correctional Center, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences for aggravated criminal sexual assault and aggravated kidnapping. Warden Eddie Jones, the respondent in the case, has moved to dismiss Mr. Coker's petition on the ground that it was not filed in timely fashion. The Court apologizes to the parties for having had the motion under advisement for such an extended period. For the reasons stated below, the Court denies Mr. Jones' motion to dismiss.

A one year period of limitation applies to habeas corpus petitions filed under section 2254. *See* 28 U.S.C. § 2244(d)(1). Typically, the limitation period runs from the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of time for seeking such review. *See id.* § 2244(d)(1)(A). Direct review of Mr. Coker's case was concluded on May 15, 2006, when his petition for

certiorari was denied by the United States Supreme Court. Mr. Coker's habeas corpus petition was received by the Clerk of this Court a little over sixteen months later, on October 23, 2007. The materials that Mr. Coker submitted to the Court along with his petition include, however, an affidavit stating that he placed his petition with prison authorities for mailing to the Clerk on October 10, 2007. As a result, the filing date is deemed to be that date, October 10, 2007. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

Mr. Jones argues that even if Mr. Coker filed his petition on October 10, 2007, it was still nearly five months late. There is a dispute, however, over when the period of limitation began to run. Under the statute, the limitation period starts to run on the latest of four dates. *See* 28 U.S.C. § 2244(d)(1). As the Court noted earlier, in most cases the limitation period begins to run on the date when direct review of the petitioner's conviction concluded. Mr. Coker has identified a legitimate basis, however, for a later starting date. Under section 2244(d)(1)(B), if "the date on which the impediment to filing [a habeas corpus petition] created by State action in violation of the Constitution or laws of the United States is removed [and] the [petitioner] was prevented from filing by such State action," then the one year limitation period does not begin until the date the impediment was removed.

Together with Mr. Coker's petition, he filed other documents reflecting what he contends was an unconstitutional impediment caused by the State that prevented him from filing his petition sooner. Specifically, Mr. Coker says that on February 7, 2007, he was transferred from Pinckneyville Correctional Center, which is in the Southern District of Illinois, to Pontiac Correctional Center, which is in the Northern District of Illinois. Mr.

Coker indicates that he had drafted a habeas corpus petition for filing in the Southern District prior to transfer. When he was transferred to Pontiac, however, Mr. Coker's property – including his legal materials, which the Court understands as including his draft habeas corpus petition and the other materials he was relying upon – was not moved along with him. Rather, documents he submits indicate that his property did not arrive at Pontiac until June 17, 2007. In the interim, on May 11, 2007 – a few days before the one year limitation period would have run out were it calculated from the date of conclusion of direct review of Mr. Coker's conviction – he sent a letter to the Clerk of this Court stating that his legal property, including his draft habeas corpus petition, had been misplaced. He asked the Clerk to extend the time for filing his petition, noting that he understood there was a one year limitation period. The Clerk, obviously powerless to grant the request, returned Mr. Coker's letter to him on May 17, 2007, without taking further action.

Mr. Coker says that his legal materials finally arrived at Pontiac on June 17, 2007. He further states that he "was given access to [the] legal property . . . on August 12, 2007." *See* Letter of Aug. 12, 2007 (part of docket entry 5). Mr. Jones, in his reply brief in support of his motion to dismiss, appears to take the position that Mr. Coker actually had access to his legal materials as of June 17 or earlier and that the August 12 date should not be considered. In other words, Mr. Jones contends that Mr. Coker had access to the legal materials the minute they arrived at Pontiac – or even before they arrived there (!!), *see* Jones Reply at 8, but chose not to access them until later. This is a completely speculative assumption that has no basis in the record. When Mr. Coker says he "was given access" to the property on August 12, it is reasonable to

3

infer, and the Court does infer, that he did not have access to the materials until that date.

On August 12 – the same day he got access to his legal materials – Mr. Coker again wrote a letter to the Clerk, a copy of which he included along with his initial filing. *See* docket entry 5. In that letter, he laid out the history of his lack of access to his legal materials and stated that he had, on the date of the letter, finally been given access to them. As in his earlier letter to the Clerk, Mr. Coker again referenced the statute of limitations and to the "impediment" provision of 28 U.S.C. § 2244(d)(1)(B), contending that he was entitled to a later start date for the one year limitation period. The materials that Mr. Coker has submitted reflect that he signed his habeas corpus petition on October 4, 2007 and, as noted earlier, provided it to prison authorities for mailing on October 10, 2007.

The Court finds that Mr. Coker has established his entitlement to the benefit of section 2244(d)(1)(B). There is no question that the misplacement and unavailability of his legal materials was an "impediment" that was "created by State action," as section 2244(d)(1)(B) requires. Mr. Jones argues, however, that this State action did not "prevent [Mr. Coker] from filing" his petition, and that Mr. Coker has not established that the State action was "in violation of the Constitution," as section 2244(d)(1)(B) likewise requires.

The Court rejects Mr. Jones' contentions. First, Mr. Jones argues that Mr. Coker has not shown that he needed his legal materials to file his petition on time and that he could have recreated it from memory: "[h]aving to recreate his petition from memory imposed an inconvenience, but it did not present an *impediment* to filing." Jones Reply

4

at 6 (emphasis in original). This argument is absurd. No lawyer who has ever drafted a document for filing with a court should be able to say with a straight face that a petition like Mr. Coker's – which is, pursuant to Court rules, required to be submitted on a form that requires detailed information regarding dates, issues, and other particulars of the state court review of the petitioner's conviction, not to mention a factual submission supporting each claim raised – could have been created from "memory." Arguments like this one do not behoove the Office of the Illinois Attorney General.

Once Mr. Coker received his materials, it is arguable that all he had to do was recopy, onto this District's standard form for habeas corpus petitions, the draft that he had already prepared to file in the Southern District. But that is by no means clear, and in any event, Mr. Coker acted with reasonable diligence after August 12 to complete his petition. Furthermore, if the six months and five days that his legal materials were unavailable to Mr. Coker is excluded from the time following conclusion of direct review of his conviction, his petition was well within the one year period. (And it is by no means clear that excluding that time is all that section 2244(d)(1)(B) requires; by its wording, the one year clock arguably did not even start to run until after the impediment was removed. The Court need not address that point, however, to find Mr. Coker's petition timely.)

The Court also rejects Mr. Jones' argument that the impediment was not one that violated the Constitution. Mr. Jones argues that constitutional right in question is one of access to the Courts, and that denial of access to legal materials "'is not itself a violation of a prisoner's rights.'" Jones Reply at 7 (quoting *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006)). Mr. Jones' counsel has taken her quote from *Marshall* out of

5

context, in a way that fairly could be characterized as misleading. *Marshall* makes the entirely unremarkable point that denial of access to a prisoner's legal materials amounts to a violation of constitutional rights only if the prisoner had show he was prejudiced, i.e., that it resulted in "an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.* That is precisely what Mr. Coker contends in this case and what, in the Court's view, he has shown: without access to his legal materials, he was unable to file a timely habeas corpus petition.

For these reasons, the Court denies Mr. Jones' motion to dismiss. (And for this reason, the Court need not address the equitable tolling argument that Mr. Coker makes based on his claim of mental disability.) Mr. Coker's petition was timely filed.

Mr. Coker has requested appointment of counsel. His filings with the Court, which are voluminous, suggest on their face that he may suffer from a mental disorder – and in fact, Mr. Coker claimed exactly that in his response to the motion to dismiss. Mr. Jones argues that this could well be feigned, and the Court acknowledges that this is a possibility. For this reason, the Court will defer appointment of counsel pending review of Mr. Coker's medical and psychiatric treatment records during his stay in prison. Mr. Jones' counsel is directed to obtain these records forthwith via subpoena or some other proper mechanism and to submit them in their entirety to the Court, with a copy to Mr. Jones, by no later than October 13, 2008.

In addition, the Court directs Mr. Jones to answer Mr. Coker's petition on the merits by no later than October 27, 2008. The Court will, after reviewing the medical records and Mr. Jones' merits response, determine whether to appoint counsel for Mr. Coker and will set a date for his reply.

**Conclusion**

To summarize the Court's conclusions: the Court denies respondent's motion to dismiss [docket no. 14] and directs respondent to answer the petition by no later than October 27, 2008; takes petitioner's request for appointment of counsel under advisement; and directs respondent's counsel to obtain petitioner's medical and psychiatric treatment records while incarcerated and submit them to the Court (under seal) with a copy to petitioner by no later than October 13, 2008.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 24, 2008